**Cemeias Casimiro GODINEZ–VALDEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–75695.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank H. Kim, Esquire, San Francisco, CA, for Petitioner.

Eric Warren Marsteller, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Cemeias Casimiro Godinez–Valdez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we review *de novo* questions of law, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir.2008). We deny the petition for review.

■ The record does not compel the conclusion that Godinez–Valdez has shown either extraordinary or changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). In addition, the BIA did not violate due process in its analysis of Godinez–Valdez's extraordinary circumstances contention. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000) (requiring alien to overcome presumption that the BIA considered the evidence). Therefore, Godinez–Valdez's asylum claim fails.

■ Substantial evidence supports the agency's determination that Godinez–Valdez did not establish past persecution or a clear probability of future persecution if returned to Guatemala. *See Sangha v. INS*, 103 F.3d 1482, 1490–91 (9th Cir.

_____

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

1997); *Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002).

▪ Substantial evidence also supports the agency's conclusion that Godinez–Valdez did not establish it is more likely than not that he will be tortured if returned to Guatemala. *Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir.2004).

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**